UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ROBERT L. RAPPO,

          Plaintiff,

-against-

94-11 59TH AVE. CORP., C/O BOARD OF
DIRECTORS, JOEL CHARLSTON, ATTORNEY
FOR COOP; KALED MANAGEMENT; GOLD
COAST PAINTING AND WALL PAPERING CO.;
PUBLIC ADVOCATE FOR THE CITY OF NEW
YORK; DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT FOR THE
CITY OF NEW YORK ,

          Defendants.
-----------------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

11-CV-4371 (SLT)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ NOV 21 2011 ★
BROOKLYN OFFICE

TOWNES, United States District Judge:

Plaintiff Robert L. Rappo filed this pro se complaint (the "Complaint") on July 26, 2011 in the United States District Court for the Southern District of New York. The matter was transferred to this Court on September 12, 2011. Plaintiff's request to proceed in forma pauperis is granted; however, for the reasons set forth below, plaintiff is directed to amend his complaint within thirty (30) days of the date of this Order.

## BACKGROUND

The Complaint and the nature of the claims set forth therein are not easy to decipher. Plaintiff asserts the Court's jurisdiction on the basis of "ADA Housing Discrimination." (Complaint at 2.) He first states that the building in which he resided[1] has been undergoing

---

[1] The Complaint lists as part of plaintiff's contact information a different address from the address of the building the condition of which gave rise to the instant action. This discrepancy would tend to suggest that plaintiff had, at some point prior to the filing date of the Complaint, relocated from



major construction since December 2009, "which had to do with serious structural damage." (Complaint at 3.) The construction has caused roaches to appear in the apartment in which he took residence. (Id.) He then asserts that "discrimination under federal law is a very serious issue," and asks the Court to "Please, please stop discrimination against the disabled." (Complaint at 4.) However, he does not describe any incidents of discrimination or allege expressly that he has a disability or is otherwise a member of a protected class. He states that "I want to not have the burden of having to deal with a property that is not acessable [sic]." (Id.)

The caption names as defendants the co-operative board, a management company, a contracting company, the Department of Housing Preservation and Development for the City of New York, and the Office of the Public Advocate for the City of New York (the "Public Advocate"). The Complaint states that "NYC Housing HPD" has failed to enforce "the laws of New York State." (Id.) It further states that "the Public Advocates [sic] office has shown neglect by meeting it's [sic] requirements to see that a city agency will not [sic] do what there [sic] required to do," presumably referring to an alleged failure by the Public Advocate to ensure that the Department of Housing Preservation and Development performs its mandated function.[2] The Complaint does not include any specific allegations against the remaining defendants.[3]

---

the building in question.

[2] It is stated on the website of the Department that its mission is to "ensur[e] that the City's housing stock meets the requirements laid out by the City's Housing Maintenance Code and that landlords of residential buildings of all sizes are maintaining them properly, providing basic services and that their tenants are able to live safely in housing that is both healthy and secure." http://www.nyc.gov/html/hpd/html/about/message.shtml.

[3] Plaintiff also states, adjacent to the space in the form for the Complaint allotted for the names of defendants, "I'd also like to request Judge White to appear, a city Judge at Jamica [sic] court when he dismissed my case January 27 2010." (Complaint at 1.) To the extent plaintiff has named a municipal judge as a defendant in the instant action, the complaint is dismissed as to the judge on grounds of

2

Plaintiff requests damages of "a minimum of 150000 thousand dollars," in addition to his request to "stop discrimination against the disabled." (Complaint at 4.)

## STANDARD OF REVIEW

The Court is mindful that "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the Complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the Complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, pursuant to the in forma pauperis statute, a district court must dismiss a case if it is determined that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, – U.S. –, 129 S.Ct. 1937, 1949 (2009). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

---

judicial immunity. See Bliven v. Hunt, 579 F.3d 204, 209 (2009) (stating that judges have absolute immunity from law suits for their judicial actions).

3

of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted).

## DISCUSSION

In this case, plaintiff does not state clearly the jurisdictional basis of his Complaint. He suggests "ADA Housing Discrimination" as a basis for jurisdiction, but he asserts no facts that could support such a claim. Title III of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA") proscribes discrimination in "places of public accommodation," which are defined in 42 U.S.C. § 12181(7) as facilities owned by private entities affecting commerce.[4] It does not apply to private residential complexes, even if the premises are used for publicly subsidized housing. See Reid v. Zackenbaum, No. 05-CV-1569 FB, 2005 WL 1993394, at *4 (E.D.N.Y. Aug. 17, 2005) ("A residential facility, such as an apartment, is not a public accommodation under the ADA."); see also Schiavo ex. rel. Schindler v. Schiavo, 403 F.3d 1289, 1293 n.2 (11th Cir. 2005) (noting that the "Supreme Court has repeatedly held ... that federal money does not transform private persons or entities into state actors"). Plaintiff has not indicated that he suffered discrimination in a place of public accommodation, as would be required to state a claim under Title III of the ADA. In any case, the ADA does not provide for a private cause of action for damages. See 42 U.S.C. § 12188(a)(1) (same remedies available under Title III of ADA as under Title II of Civil Rights Act of 1964); Powell v. Nat'l Bd. of Med.

---

[4] "Public accommodation" includes "an inn, hotel, motel or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of the establishment as the residence of such proprietor." 42 U.S.C. § 12181(7)(A).

4

Exam'rs, 364 F.3d 79, 86 (2d Cir. 2004) ("A private individual may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages.").

Title VIII of the Civil Rights Act of 1968, also known as the federal Fair Housing Act ("FHA"), as amended by the Fair Housing Amendments Act of 1988 ("FHAA"), 42 U.S.C. § 3601, et seq., forbids discrimination in housing on the basis of race, color, religion, sex, familial status, or national origin and, as amended by the FHAA, handicap. See 42 U.S.C. § 3604. The provisions of the FHA apply to private landlords, as well as to providers of public housing.

Section 3604(f) of the FHA makes it unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of ... that buyer or renter," or "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of ... that person." 42 U.S.C. § 3604(f)(1)-(2). "To establish discrimination under either the FHAA or the ADA, plaintiffs have three available theories: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation." Tsombanidis v. West Haven Fire Dept., 352 F.3d 565, 573 (2d Cir. 2003).

Discrimination prohibited by the FHA includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). In order to establish a claim of disability discrimination based on the failure to reasonably accommodate an individual with a disability, a plaintiff must show that: "(1) he suffers from a handicap as defined by the FHA; (2) defendants knew or reasonably should have

known of the individual's handicap; (3) accommodation of the handicap 'may be necessary' to afford the plaintiff an equal opportunity to use and enjoy the dwelling; and (4) defendants refused to make such accommodation." Bentley v. Peace & Quiet Realty 2 LLC, 367 F. Supp. 2d 341 (E.D.N.Y. 2005) (citing United States v. California Mobile Home Park Mgmt. Co., 107 F.3d 1374, 1380 (9th Cir. 1997)). To be considered "handicapped" under the FHA, a plaintiff must show that: (1) he suffers from "a physical or mental impairment which substantially limits one or more of such person's major life activities"; (2) he has "a record of having such an impairment"; or (3) he is "regarded as having such an impairment." 42 U.S.C. § 3602(h). In this case, plaintiff has not alleged that he suffers from a handicap as defined by the FHA, nor has he shown that defendants knew of, or reasonably should have known of, such a handicap and failed to make the necessary accommodations.

## LEAVE TO AMEND

As presently pled, this Court lacks subject matter jurisdiction over this matter. See Fed. R. Civ. P. 12 (h)(3); Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001). Although plaintiff's Complaint fails to provide the Court with an adequate basis for jurisdiction, his oblique allusions to his disability may suggest a claim under the FHA. In light of this Court's duty to liberally construe pro se complaints, plaintiff is given thirty (30) days' leave to file an amended complaint. See Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000). Plaintiff is directed that the amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, in that it must clearly state the grounds for relief and include plausible factual allegations. To the extent that he intends to pursue a claim under the FHA, he must identify the nature of his disability and show that defendants knew or reasonably should have known of his handicap and

refused to make necessary accommodations for his use and enjoyment of the dwelling, or show another basis for a claim under the FHA. If he believes that he has a claim for injunctive relief under the ADA, he must also demonstrate that he was discriminated against in the provision of public accommodations, as defined by the ADA. The amended complaint must be captioned "Amended Complaint," and bear the same docket number as this Order. All further proceedings shall be stayed for 30 days.

## CONCLUSION

Accordingly, the Complaint filed in forma pauperis is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), with leave to replead within thirty (30) days. No summons shall issue at this time, and all further proceedings shall be stayed for thirty (30) days or until plaintiff has complied with this Order. If plaintiff fails to comply with this Order within the time allowed, judgment dismissing the Complaint shall be entered. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
October 31, 2011